UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE McCOVERY,

                Plaintiff,                Case No. 1:06-cv-915

v.                                                Honorable Wendell A. Miles

PATRICIA L. CARUSO et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court has determined that Plaintiff's claims regarding events that occurred prior to December 26, 2003 will be dismissed as barred by the three-year limitations period; Defendants Caruso, Straub, Armstrong, Martin, Howes, Klee, and Van Setters will be dismissed because they may not be held vicariously liable for the actions of which Plaintiff complains; and Plaintiff's

remaining claims will be served on Defendants Beckwith, Jansen, Baldwin, Exelby, Chmielewski, Hauk, Sutton, Speator, Angle, Elkins, and Parker.

## Discussion

### I.    Factual allegations

Plaintiff is incarcerated by the Michigan Department of Corrections (MDOC) and is presently housed at the Florence Crane Correctional Facility (ACF). Plaintiff sues MDOC Director Patricia Caruso, Deputy Director Dennis Straub, Central Office Grievance Respondents James Armstrong and S. Martin; ACF Warden Carol Howes, Deputy Warden Klee,[1] Deputy of Programming Beckwith, Deputy Housing Warden Jansen, Assistant Residence Unit Supervisor Baldwin, corrections officers Exelby, Chmielewski, Hauk, Sutton, Speator, Angle, Elkins; and ACF nursing staff employee Parker.

In his lengthy *pro se* complaint, Plaintiff alleges that Defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights by: (1) failing to acknowledge or treat his severe physical disabilities and pain resulting therefrom; (2) failing to accommodate his need for a restricted work order and a special kind of mattress; (3) refusing to allow him to use the toilet; (4) assaulting him; (5) refusing to provide him equal access to religious services, the gym, and other programs; (6) issuing and convicting Plaintiff on major misconducts for his attempts to use the phone while in a wheelchair and take showers in a place that was handicapped-accessible; (7) retaliating against him with harassment and major misconduct tickets for requesting handicapped-accessible conditions; (8) denying numerous grievances he filed regarding these conditions; and (9)

---

[1] Where Defendants' first names are omitted, Plaintiff named them as "unknown"; *e.g.* "(Unknown) Klee," etc.

conspiring to both violate Plaintiff's constitutional rights, and to preclude Plaintiff from accessing his medical documents to substantiate these claims.

For relief, Plaintiff requests compensatory damages of $250,000 for each violation of one of his constitutional rights, plus an additional $250,000; punitive damages of $250,000; an injunction prohibiting Defendants from harassing Plaintiff and/or denying him equal access to programs; and a declaration that Defendants violated his state and federal rights. (Compl. ¶¶ 113-17).

II.     Statute of limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[2] Plaintiff's claims based upon Defendants' actions and inactions in 2003 (*see* Compl. ¶¶ 15-27) are barred by the three-year limitations period because they accrued in May

---

[2] 28 U.S.C. § 658 created a "catch-all" limitations period of four years for civil actions arising under federal statute enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

through November 2006. Accordingly, Plaintiff's claims against Defendants that occurred in 2003 will be dismissed with prejudice.

### III. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claims against Defendants Caruso, Straub, Armstrong, Martin, Howes, and Klee fail to state a claim because they are premised on vicarious liability. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of vicarious liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (1996) (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995). Here, Plaintiff fails to make specific factual allegations against MDOC Director Caruso, Deputy Director Straub, Central Office Grievance Respondents Armstrong and Martin, ACF Warden Howes, or Deputy Warden Klee, other than his claim that each failed to conduct an investigation in response to his grievances. (*See* Compl. ¶¶ 5-7, 10, 43, 47, 52, 60-61, 68-69, 76, 79-83, 90-91,

104c).³  In fact, Plaintiff concedes that his theory of these Defendants' liability is based on their failure to investigate: "supervisory staff such as Caruso, Straub, Armstrong and Howes [] all failed in their . . . constitutional obligations by refusing to insure that Plaintiff's numerous complaints were investigated."  (Compl. ¶ 104c).  Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Plaintiff has failed to demonstrate that Defendants Caruso, Straub, Armstrong, Martin, Howes, or Klee engaged in any active unconstitutional behavior.  Accordingly, these Defendants will be dismissed with prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss with prejudice as barred by the three-year statute of limitations Plaintiff's claims occurring in 2003; dismiss with prejudice Plaintiff's claims against Defendants Caruso, Straub, Armstrong, Martin, Howes, Klee, and Van Setters for failure to state a claim; and order service of Plaintiff's remaining claims on Defendants Beckwith, Jansen, Baldwin, Exelby, Chmielewski, Hauk, Sutton, Speator, Angle, Elkins, and Parker.

Dated: March 21, 2007                                             /s/ Wendell A. Miles
                                                                              Wendell A. Miles
                                                                              Senior United States District Judge

---

³Although he does not name her in the heading of his complaint, Plaintiff alleges that on September 26, 2005, Julie Van Setters denied his appeal from one of Defendant Parker's grievance responses. (Compl. ¶¶ 74-75).  This is the only allegation against Van Setters in the complaint.  As such, Defendant Van Setters' liability is premised on vicarious liability; and the Court will dismiss Van Setters on this basis, as well. *See Street,* 102 F.3d at 818.