UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE McCOVERY,

        Plaintiff,               Case No. 1:06-cv-915

v.                                           Honorable Wendell A. Miles

PATRICIA L. CARUSO et al.,

        Defendants.
_____/

## ORDER

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated by the Michigan Department of Corrections (MDOC) and presently is housed at the Florence Crane Correctional Facility (ACF). In his *pro se* complaint, Plaintiff asserts a variety of claims arising from his confinement to a wheelchair. Plaintiff sues MDOC Director Patricia Caruso; Deputy Director Dennis Straub; and Central Office Grievance Respondents James Armstrong and S. Martin. In addition, Plaintiff sues the following ACF employees: Warden Carol Howes; Assistant Deputy Warden (ADW) (unknown) Klee; ADW of Programming (unknown) Beckwith; ADW of Housing (unknown) Jansen; Assistant Residence Unit Supervisor (unknown) Baldwin; Corrections Officers (unknown) Exelby; (unknown) Chmielewski, (unknown) Hauk, (unknown) Sutton, (unknown) Speator, (unknown) Angle, (unknown) Elkins; and Nurses (unknown) Parker and Julie Van Setters.

        On March 21, 2007, the Court entered an opinion and order dismissing as time-barred all of Plaintiff's claims that pre-dated December 26, 2003. In addition, the Court dismissed

Plaintiff's claims against Defendants Caruso, Straub, Armstrong, Martin, Howes, Klee and Van Setters for failure to state a claim. On May 11, 2007, Defendants Jansen, Baldwin, Exelby, Chmielewski, Sutton, Speator, Angle, Elkins, Parker and Beckwith filed a motion to dismiss and supporting brief on the ground that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) (docket #15).[1] Plaintiff filed a response to the motion on July 6, 2006 (docket #28). All of the grievances and grievance responses relied upon by the parties were submitted as exhibits to the complaint.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). "[T]he PLRA exhaustion requirement requires *proper* exhaustion." *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006) (emphasis added). Thus, in order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922 (2007); *Woodford*, 126 S. Ct. at 2386. "Compliance with the prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." *Jones*, 127 S. Ct. at 922. In *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), the Supreme Court held that "the failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Consequently, Defendants have the burden to plead and prove that Plaintiff failed to exhaust his administrative remedies. *Id.* at 919-22.

---

[1] Defendant Hauk has not been served in this case. The summons issued by the Clerk's Office was returned unexecuted because Hauk no longer is employed by the MDOC *(*docket #7).

In this case, Plaintiff attached ten grievances to his complaint. In their supporting brief, Defendants discuss only six of the grievances. Their brief is silent with regard to the remaining four grievances. The Court has reviewed the four grievances and finds them to be relevant to the claims presented in Plaintiff's action. The Court can conclude only that counsel chose to ignore those grievances because they properly exhausted claims set forth in the complaint. Defendants cannot meet their burden of proving that Plaintiff failed to exhaust his administrative remedies when they have blatantly disregarded grievances relevant to Plaintiff's claims. Furthermore, the existence of grievances that may properly exhaust claims set forth in the complaint is wholly inconsistent with Defendants' motion to dismiss Plaintiff's case in its entirety. Therefore, Defendants' motion to dismiss (docket #15) is DENIED.

IT IS SO ORDERED.


Dated: <u>January 14, 2008</u>                                              /s/ Wendell A. Miles
                                                                            Wendell A. Miles
                                                                            Senior United States District Judge