UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLIE McCOVERY,

        Plaintiff,                              Hon. Wendell A. Miles

v.                                                Case No. 1:06 CV 915

PATRICIA CARUSO, et al.,

        Defendants.

_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #33). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **granted**.

### BACKGROUND

Plaintiff initiated this action on December 29, 2006, against eighteen (18) individuals. (Dkt. #1). Plaintiff alleges that Defendants violated his constitutional rights by: (1) failing to treat his physical disabilities; (2) failing to accommodate his need for a restricted work order and special mattress; (3) refusing to allow him to use the toilet; (4) assaulting him; (5) refusing to afford him equal access to religious services, exercise facilities, and other programs; (6) improperly convicting him of major misconduct violations for attempting to use the telephone and take showers in a handicapped-accessible area; (7) retaliating against him for requesting access to handicapped-accessible facilities; (8) denying grievances he filed concerning these conditions; and (9) conspiring to violate his

constitutional rights and to also prevent him from gaining access to the medical records necessary to substantiate his claims. Plaintiff requests monetary and declaratory relief, as well as an injunction prohibiting Defendants from "harassing" him or denying him "equal accommodations in all programs, services, and activities."

On March 21, 2007, the Honorable Wendell A. Miles issued an Opinion and Order in which the Court dismissed with prejudice Plaintiff's claims "based upon Defendants' actions and inactions in 2003" on the ground that such "are barred by the three-year limitations period." (Dkt. #4). The Court likewise dismissed with prejudice Plaintiff's claims against Defendants Caruso, Straub, Armstrong, Martin, Howes, Klee, and Van Setters for failure to state a claim upon which relief may be granted. *Id.* The remaining Defendants (save Defendant Hauk who has never been served in this matter) now move for summary judgment. Plaintiff has not responded to Defendants' motion for summary judgment. As discussed herein, the undersigned recommends that Defendants' motion for summary judgment be granted and, moreover, that Plaintiff's claims against Defendant Hauk be dismissed without prejudice for failure to timely affect service.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357

(6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In

sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

**I.        Claims for Injunctive and Declaratory Relief**

In addition to seeking money damages, Plaintiff also seeks declaratory and injunctive relief. Since initiating this action, however, Plaintiff has been released on parole. (Dkt. #34, Exhibit A). Because Plaintiff is no longer incarcerated his claims for declaratory and injunctive relief have been rendered moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Accordingly, the Court recommends that such claims be dismissed.

**II.       Official Capacity Claims**

Plaintiff has sued Defendants in both their official and personal capacities, seeking monetary, injunctive, and declaratory relief. As the Supreme Court has stated, however, "[n]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991). Thus, Plaintiff cannot assert claims for monetary relief against Defendants in their official capacity. Accordingly, to the extent that Plaintiff seeks monetary relief from Defendants in their official capacity, the Court recommends that such claims be dismissed.

**III.      Americans with Disabilities Act Claims**

Plaintiff asserts that Defendants have violated the Americans with Disabilities Act (ADA) by failing to provide him with "equal accommodations." Title II of the Americans with Disabilities Act (ADA) provides that "no qualified individual with a disability shall by reason of such disability be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Jones v. City of Monroe, Michigan*, 341 F.3d 474, 477 (6th Cir. 2003) (quoting 42 U.S.C. § 12132). The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices. . .meets the essential eligibility requirements for receipt of services or the participation in programs or activities provided by a public entity." *Jones*, 341 F.3d at 477 (quoting 42 U.S.C. § 12131).

The ADA applies to state prisoners. *See McKinley v. Bowlen*, 2001 WL 493394 at *1 (6th Cir., May 1, 2001) (*citing Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998)). However, the ADA does not impose liability upon individuals. *See Lee v. Michigan Parole Board*, 2004 WL 1532563 at *1 (6th Cir., June 23, 2004). Thus, a prisoner may not maintain an action for damages against an individual defendant in her personal capacity. The Court recommends, therefore, that Plaintiff's ADA claims for money damages asserted against the Defendants in their individual capacity be dismissed.

**IV.**     **Claims Against Defendants Jansen and Elkins**

In the introductory section of his complaint, Plaintiff identifies Defendants Jansen and Elkins as defendants in this matter. This identification, however, constitutes the only mention in Plaintiff's complaint of either Defendant. Because Plaintiff has advanced no factual allegations against

either Defendant Jansen or Defendant Elkins, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted as to both Defendants. *See* Fed. R. Civ. P. 12(b). Accordingly, the Court recommends that Plaintiff's claims against Defendant Jansen and Defendant Elkins be dismissed.

### V.         Claims Against Defendant Angel

In his complaint, Plaintiff asserts that on November 20, 2006, Defendant Angel ordered Plaintiff to "clean his locker and wall area." (Complaint at ¶ 92). Plaintiff admittedly refused to comply. *Id.* at ¶ 93-94. Plaintiff asserts that Defendant Angel threatened to charge him with a major misconduct violation if he did not comply with her order. *Id.* at ¶ 93. Plaintiff asserts that Defendant Angel's order was contrary to Plaintiff's "standing accommodation orders." *Id.* at ¶ 95. Plaintiff asserts that had he attempted to comply with Defendant Angel's order he "could have fell and hurt himself." *Id.* at ¶ 95. Plaintiff claims that Defendant Angel's conduct constituted "intentional endangerment" of his health and safety in violation of his constitutional rights.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The analysis by which Defendant's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, Plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether Defendant acted with

a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was Defendant deliberately indifferent to Plaintiff's health or safety. *Id.*

Plaintiff has failed to present any evidence that Defendant Angel's order was contrary to or otherwise violated any medical restrictions imposed upon him by his care providers. Defendant Angel has executed an affidavit in which she asserts that while she directed Plaintiff "on several occasions to clean his area of control," she always informed Plaintiff that "if he needed help with the task I would make sure that someone was there to assist him." (Dkt. #34, Angel Affidavit). Defendant Angel further asserts that she "never forced [Plaintiff] to perform any task." *Id.* Plaintiff has failed to submit any evidence in response to Defendant Angel's affidavit.

In sum, Defendant Angel has submitted evidence that she was not deliberately indifferent to Plaintiff's health and safety. Plaintiff has submitted no evidence to the contrary. Accordingly, the Court recommends that Defendant Angel be granted summary judgment.

**VI.      Claims Against Defendant Baldwin**

In his complaint, Plaintiff asserts two claims against Defendant Baldwin. Plaintiff alleges that Defendant Baldwin improperly denied a grievance. (Complaint at ¶¶ 50-51). Plaintiff also asserts that Defendant Baldwin denied his request for a "mattress to accommodate his medical issues and pain complications." *Id.* at ¶¶ 88-89.

Liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior. *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998), *cert. denied*, 526 U.S. 1115 (1999). Accordingly, liability in a § 1983 action does not attach based upon allegations that a defendant simply

denied a prisoner's grievance. *See Skinner v. Govorchin*, 463 F.3d 518, 525-26 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lee v. Michigan Parole Board*, 2004 WL 1532563 at *2 (6th Cir., June 23, 2004) ("[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act upon information contained in a grievance"); *Alder v. Correctional Medical Services*, 2003 WL 22025373 at *2 (6th Cir., Aug. 27, 2003) ("[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension").

As for Plaintiff's claim that Defendant Baldwin denied his request for a mattress, Plaintiff has submitted no evidence suggesting that his medical condition required a special mattress. Moreover, in her affidavit, Defendant Baldwin asserts that Plaintiff never asked her to provide him with a mattress. (Dkt. #34, Baldwin Affidavit). Plaintiff has submitted no evidence to the contrary. The Court recommends, therefore, that Defendant Baldwin is entitled to summary judgment.

## VII.        Claims Against Defendant Chmielewski

In his complaint, Plaintiff asserts that Defendant Chmielewski unlawfully retaliated against him. (Complaint at ¶ 53). Specifically, Plaintiff asserts that Defendant Chmielewski "grabbed" his wheelchair and "began rocking it very forcefully to such a great extent that [he] was nearly toppled over." *Id.* at ¶ 54. Plaintiff asserts that Defendant Chmielewski assaulted him in retaliation for "seeking equal accommodations for his wheel chair access." *Id.* at ¶ 56.

The elements of a First Amendment retaliation claim are as follows: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the

adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

In an affidavit, Defendant Chmielewski asserts that he "never assaulted [Plaintiff], rocked his wheelchair, nor did I ever place a hand on [Plaintiff]." (Dkt. #34, Chmielewski Affidavit). Defendant Chmielewski asserts that rather than assaulting Plaintiff on the date in question he simply attempted to wheel Plaintiff into the Evergreen Program Center because Plaintiff's "wheelchair assistant refused to help push the wheelchair when they arrived at the East entrance." *Id.* Plaintiff has submitted no evidence in response to Defendant Chmielewski's affidavit.

The unrefuted evidence submitted by Defendant Chmielewski reveals that he did not subject Plaintiff to any "adverse action" or otherwise violate his rights. Accordingly, the Court recommends that Defendant Chmielewski be granted summary judgment.

**VIII.     Claims Against Defendant Parker**

As noted above, Plaintiff claims that he was assaulted by Defendant Chmielewski. Plaintiff asserts that following this alleged assault Defendant Parker did not provide him with adequate medical care. (Complaint at ¶ 73). Petitioner also asserts that Defendant Parker inaccurately concluded that Plaintiff is capable of performing activities which cause him "great pain." *Id.* at ¶ 82.

Plaintiff has provided no evidence indicating that ever reported to his care providers that he was assaulted. Plaintiff has likewise submitted no medical evidence that supports his contention that he was assaulted by Defendant Chmielewski (or any other individual). Defendant Parker asserts in her affidavit that Plaintiff never reported to medical personnel that he had been assaulted by "any staff member." (Dkt. #34, Parker Affidavit). Plaintiff has submitted no evidence in response to Defendant

Parker's motion for summary judgment. As Plaintiff has failed to establish that there exists a genuine issue of material fact as to this claim, the Court recommends that Defendant Parker is entitled to summary judgment as to this claim.

As for Plaintiff's allegation that Defendant Parker incorrectly determined that he is capable of performing activities beyond his ability, the Court notes that Plaintiff has provided absolutely no specifics to support this claim. For example, Plaintiff has not identified what activities Defendant Parker incorrectly determined that he could perform. Plaintiff has not submitted any evidence (medical or otherwise) indicating that Defendant Parker (or any other health care provider) concluded that Plaintiff is capable of performing activities which are inconsistent with his abilities. Plaintiff has also failed to articulate how Defendant Parker's alleged actions violated federal law. On the other hand, Defendant Parker has submitted an affidavit in which she asserts that she never indicated that Plaintiff was not disabled, but instead merely determined that Plaintiff "was capable of cleaning a heater that was located in [h]is area of control." (Dkt. #34, Parker Affidavit). Plaintiff has failed to submit any evidence in response to Defendant Parker's motion for summary judgment. Plaintiff has failed to establish that there exists a genuine issue of material fact as to this claim. Accordingly, the Court recommends that Defendant Parker is entitled to summary judgment as to this claim.

### IX.        Claims Against Defendant Exelby

Plaintiff asserts that on January 15, 2005, Defendant Exelby denied his request to place a telephone call to his attorney. (Complaint at ¶ 39). He also asserts that on April 4, 2005, Defendant Exelby refused to allow Plaintiff to use the bathroom, forcing him to urinate on himself. *Id.* at ¶ 49.

Defendant Exelby has submitted an affidavit in which he asserts that he did not prevent Plaintiff from using the telephone on the date in question. (Dkt. #34, Exelby Affidavit). Defendant Exelby asserts that Plaintiff was permitted to use the telephone, but that his call "did not go through." Plaintiff has submitted no evidence in response to Defendant Exelby's affidavit. With respect to Plaintiff's other claim, Defendant Exelby asserts the following:

> I never refused to let [Plaintiff] use the restroom on April 5, 2005. [Plaintiff] wanted to go to the restroom during a Prisoner Count. Count time is announced two times prior to the actual count being taken, which allows everyone adequate time to use the restroom. [Plaintiff's] bed area was very close to the Officer's Station, so he should have had no problems hearing the announcements. On the date in question, I merely asked [Plaintiff] if he thought he could wait about ten minutes, and he said he thought he could wait. I told him that he would be first in line to use the restroom. When I came back to the area approximately ten minutes later, [Plaintiff] said, "Never mind", and he was standing there urinating in his cubicle area.

*Id.*

Plaintiff has submitted no evidence in response to Defendant Exelby's motion for summary judgment. Plaintiff has, therefore, failed to demonstrate that there exists a genuine issue of material fact as to these claims. Accordingly, the Court recommends that Defendant Exelby is entitled to summary judgment as to these claims.

**X.        Conspiracy Claims**

Plaintiff asserts that Defendants conspired to violate his constitutional rights. (Complaint at ¶¶ 99, 102, 104, 109-10). Plaintiff has asserted this claim against all Defendants. The Court notes that this is the only claim asserted against Defendants Sutton and Speaker. Plaintiff has failed to

indicate whether this particular claim is grounded in federal or state law. This is of no consequence, however, as Plaintiff's claim fails under either body of authority.

Under federal law, it is improper for "two or more persons" to conspire "for the purpose of depriving, either directly or indirectly," an individual of his civil rights. 42 U.S.C. § 1985. Plaintiff's claim fails, however, because as discussed herein Plaintiff has failed to establish that the alleged conspiracy deprived him of a right or privilege protected by the laws or Constitution of the United States. *See Sawyer v. Lexington-Fayette Urban County Government*, 18 Fed. Appx. 285, 288 (6th Cir., Aug. 21, 2001) (citing *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996)). Plaintiff's conspiracy claim also fails under Michigan law. *See Karkoukli's, Inc. v. Walgreen Co.*, 2004 WL 435384 at *10-11 (Mich. Ct. App., Mar. 9, 2004) (citing *Early Detection Center, PC v. New York Life Ins. Co.*, 403 N.W.2d 830 (Mich. Ct. App. 1986)) ("a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort").

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendants' Motion for Summary Judgment</u>, (dkt. #33), be **granted** and Plaintiff's action dismissed.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  June 13, 2008                             /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge